CENTURY COMMUNICATIONS, INC. v. THE HOUSING AUTHORITY OF THE CITY OF WILSON AND SITE, INC.

No. 837SC61

(Filed 1 May 1984)

**Eminent Domain § 2— inverse condemnation—building building over radio wires**

There was a taking of the plaintiff's property when the defendant placed buildings on the ground over the plaintiff's underground wires so that the plaintiff could not reach the wires even though there was no evidence that the wires were not now functioning properly.

APPEAL by defendant Housing Authority of the City of Wilson from *Winberry, Judge.* Judgment entered 28 September 1982 in Superior Court, WILSON County. Heard in the Court of Appeals 7 December 1983.

The plaintiff brought this action alleging the defendant Housing Authority of the City of Wilson is interfering with certain rights the plaintiff has as lessee of certain property in Wilson County. The plaintiff prayed for damages and injunctive relief.

The plaintiff made a motion for summary judgment as to liability. The papers filed in support and in opposition to the motion for summary judgment showed the following matters are not in dispute. The plaintiff owns and operates radio station WVOT (AM) and WXYY (FM) on land it holds under a lease from the defendant's predecessor in title. Extending outward 360 degrees from the base of each transmitting tower are underground wires. These wires extend 250 feet and beyond the boundaries of the land leased by the plaintiff. There is a recorded lease in which there is a covenant by the lessor "not to interfere with, —either by cultivation or otherwise—, wires of the present Radio ground system of Station WVOT, radiating approximately 250 feet from the center of the two Radio Towers." The defendant has constructed buildings over a part of the wires so the plaintiff cannot now reach a part of some of the underground wires. Some of the wires were damaged during the construction but they have now been repaired. There is no allegation or proof that the wires are not now working properly.

The court granted the plaintiff's motion for summary judgment as to liability and reserved the damage issue for trial. The defendant Housing Authority appealed.

*Kimzey, Smith, McMillan and Roten, by James M. Kimzey, for plaintiff appellee.*

*Manning, Fulton and Skinner, by Howard E. Manning, Jr. and Charles E. Nichols, Jr., for defendant appellant.*

WEBB, Judge.

We believe that by holding that the defendant had taken the plaintiff's property for public use without just compensation the superior court has held there was an inverse condemnation of the plaintiff's property. If an entity with the power of eminent domain, such as the defendant in this case, interferes substantially with a property right without condemning it, the person who has had his property right infringed may bring an action to recover damages. *See Long v. City of Charlotte*, 306 N.C. 187, 293 S.E. 2d 101 (1982). The question raised by this appeal is whether there has been a taking of the plaintiff's property when the defendant has placed buildings on the ground over the plaintiff's underground wires so that the plaintiff cannot reach the wires although there is no evidence that the wires are not now functioning properly. We hold that on these undisputed facts there is a taking. Summary judgment for the plaintiff was proper. We believe that excluding the plaintiff from getting to its wires in the event it is necessary is an interference with the wires which violates the covenant.

We receive some guidance from *Light Co. v. Bowman*, 229 N.C. 682, 51 S.E. 2d 191 (1949). That case held that it was a violation of an easement to construct a building under a power line although the power line could be maintained with some additional expense. That case is not on all fours with this one because the easement in that case specifically gave the plaintiff the right to maintain the power line, which right is not specifically given the plaintiff under the easement in this case. We believe the right to maintain the plaintiff's wires is inherent in its easement in which the lessor covenants not to interfere with the wires. We believe the placing of the buildings over the wires so that the plaintiff cannot get to them is a substantial interference with this right.

The appellant argues that under the order of the superior court the plaintiff can argue that it has been deprived of the use and enjoyment of the entire radio station. We do not so read the order or the contentions of the plaintiff. The damages should be limited to what the plaintiff has suffered by being deprived of the ability to reach the wires.

Affirmed.

Judges WELLS and WHICHARD concur.